**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DEREK E. BOONE,<br>        Appellant, | DOCKET NUMBER<br>DC-0752-20-0439-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>        Agency. | DATE: August 20, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Keith Reid, Esquire, Virginia Beach, Virginia, for the appellant.

Greg Allan Ribreau, Esquire, and Roderick Eves, Esquire, St. Louis,
    Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained the agency's chapter 75 removal action. On petition for review, the appellant argues that (1) he was prejudiced by his inability to cross-examine a witness that failed to appear at the hearing and (2) the agency violated his due

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

process rights. Petition for Review (PFR) File, Tab 1 at 4-7. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant alleges that he was prejudiced by the failure of a witness to appear at the hearing. PFR File, Tab 1 at 4-7. In this regard, he asserts that "the [a]gency had a witness that was a primary witness that failed to attend the hearing and therefore preventing the [a]ppellant the opportunity to confront that witness through cross examination." *Id*. at 4 (grammar as in original). The appellant avers that, because of her nonappearance, the administrative judge should have "viewed negatively" prior written statements made by this witness. *Id*. at 5. Here, both parties sought the testimony of the subject witness, a former agency employee, and the administrative judge approved these requests. Initial Appeal File (IAF), Tab 9 at 7, Tab 10 at 7, Tab 11 at 3. Following a request from the agency, IAF, Tab 21 at 4-5, the administrative judge issued a subpoena for her appearance at the hearing, IAF, Tab 22 at 1. The subpoena was successfully served; however, the witness failed to appear, and, despite efforts, agency counsel was unable to reach her. IAF, Tab 23, Hearing Recording (HR) at 0:00:17 to

0:01:13 (statement of agency counsel, part 6). After the appellant's counsel expressed displeasure with the nonappearance, the administrative judge explained that, to the extent the appellant wished to obtain the testimony of this particular witness, he was willing to leave the record open. HR at 0:03:43 to 0:04:41 (statement of the administrative judge, part 6). However, the appellant does not allege, nor does the record indicate, that the appellant made any efforts to procure the testimony of this particular witness, such as seeking enforcement of the subpoena. *See Porter v. Department of the Navy*, 6 M.S.P.R. 301, 306-07 (1981) (finding unavailing the agency's assertion that it was incumbent upon the deciding official to enforce a subpoena for the appearance of a particular witness and explaining that, to the extent the agency sought her testimony, it could have moved for an enforcement of its subpoena and/or requested that the record be kept open); *see also* 5 C.F.R. § 1201.85(a) (stating that if a person who has been served with a Board subpoena fails or refuses to comply with its terms, the party seeking compliance may file a written motion for enforcement with the judge or make an oral motion for enforcement while on the record at a hearing). Thus, a different outcome is not warranted.

The appellant contends that the agency violated his due process rights by failing to provide him with "[n]otice of the prospective charges and an opportunity to be heard." PFR File, Tab 1 at 4. In this regard, he reasserts that the deciding official (1) improperly received a copy of a prior removal decision drafted by another agency official and (2) improperly relied on the *Douglas* factors[2] analysis contained therein. *Id*. at 4-5; IAF, Tab 7 at 27-31. He also alleges that the deciding official's decision to remove the appellant was neither independent nor impartial. PFR File, Tab 1 at 5-6. For the reasons set forth in the initial decision, IAF, Tab 24, Initial Decision (ID) at 23-28, we find these assertions unavailing. Indeed, we agree with the administrative judge's reasoned

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions.

conclusion that, insofar as the appellant also received a copy of the agency's prior removal decision, the agency did not, as alleged, violate his due process rights. ID at 27-28; *see Ward v. U.S. Postal Service*, 634 F.3d 1274, 1280 (Fed. Cir. 2011) (explaining that a deciding official violates an employee's constitutional due process rights when he relies on "new and material" ex parte information as a basis for his decision on either the merits of a proposed charge or the penalty to be imposed). Moreover, we discern no basis to disturb the administrative judge's credibility-based finding that the deciding official properly conducted his own analysis of the *Douglas* factors and independently concluded that removal was an appropriate penalty. ID at 28; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (stating that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing and may overturn such determinations only when it has "sufficiently sound" reasons for doing so).

Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.